NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEROD'S STONE DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>Defendant. | Civil Action No. 18-6118 (JLL)<br><br>OPINION |

**LINARES,** Chief District Judge

This matter comes before the Court by way of Defendant Mediterranean Shipping Company S.A.'s Motion to Transfer this matter to the United States District Court for the Southern District of New York. (ECF No. 4). Plaintiff Herod's Stone Design filed a Cross-Motion to Remand this matter to New Jersey State Court. (ECF No. 6). Defendant has filed opposition to Plaintiff's Cross-Motion. (ECF No. 7). The parties have filed no additional papers with respect to either motion. The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's Motion to Transfer and denies Plaintiff's Cross-Motion.

## I. BACKGROUND

Plaintiff is a marble, tile, and stone supplier and installer located in North Bergen, New Jersey. (ECF No. 1-1 ("Compl.") ¶¶ 1, 4). Defendant is a global shipping company, incorporated under the laws of a foreign country, with an office in New York. (Compl. ¶¶ 2, 6). Through its U.S. shipping agent, Go Forward Freight Services, Plaintiff contracted with a foreign shipping agent Parisi Grand Logistics, Ltd. to hire Defendant to deliver Plaintiff's cargo from China to New

York. (Compl. ¶ 18). The contract between Plaintiff and Defendant is reflected in MSC Sea Waybill MSCUYS895277 (the "MSC Sea Waybill"). (Compl. ¶ 20, Ex. A). The original MSC Sea Waybill reflects "port to port" carriage of the cargo from Chongqing, China to Long Beach, California. (Compl. Ex. A; ECF No. 4-1 ¶ 5). The MSC Sea Waybill was amended to reflect "intermodal" carriage, such that the final destination for the cargo changed from Long Beach, California to New York, New York, and the California to New York portion of the carriage would occur by rail. (ECF No. 4-1 ¶ 5; ECF No. 5-2 at 2).[1] Defendant carried the cargo from Chongqing, China to Long Beach, California by sea. (Compl. ¶¶ 21, 24). Defendant then arranged for a subcontractor, BNSF Railway Co., to transfer the cargo from California to New York by rail. (Compl. ¶ 22). On June 14, 2016, Defendant examined the cargo upon its arrival in California and found no issues with or damage to the cargo. (Compl. ¶¶ 23–24). Defendant then transported the cargo by truck to BNSF Railway Co. (Compl. ¶ 25). Prior to its departure for New York, Defendant's employees split the contents of the container carrying the cargo into two containers. (Compl. ¶ 25–26). When those two containers arrived in New York, an inspection revealed that all of the cargo had been damaged. (Compl. ¶ 27).

On March 12, 2018, Plaintiff filed suit in the Superior Court of New Jersey, Hudson County, Law Division. (ECF No. 1-1 at 2). On April 11, 2018, Defendant removed the matter to this Court, (ECF No. 1), and on April 12, 2018, Defendant filed an Amended Notice of Removal. (ECF No. 3). Thereafter, on April 18, 2018, Defendant filed the instant Motion to Transfer the case to the United States District Court for the Southern District of New York. (ECF No. 4). Defendant argues that this case should be transferred to the Southern District of New York under 28 U.S.C. §1404(a) pursuant to the forum selection clause included in the MSC Sea Waybill. (ECF

---

[1] Where a contract provides for the transport of goods by sea and rail, it is known as "through," "intermodal," or "combined transport" carriage. (ECF No. 4-1 ¶ 5)

No. 5 at 5). On May 7, 2018, Plaintiff cross-moved to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. §1447, alleging lack of subject matter jurisdiction. (ECF No. 6).

## II. DISCUSSION

### A. Removal

Before this Court may address whether or not this matter should be transferred to the Southern District of New York, it must assess whether Defendant properly removed this case to federal court. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court." Federal courts maintain original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333.

Additionally, Federal courts have original jurisdiction over civil actions between a citizen of a state and a citizen of a foreign state where the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(2). For the purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). A corporation has its principal place of business where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The principal place of business of a corporation is also known as the "nerve center," and will "typically be found at a corporation's headquarters." *Id.* at 80–81. A corporation's nerve center is its headquarters, so long as "the headquarters is the actual center of direction, control, and coordination . . . and not simply an

3

office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

Plaintiff argues that this Court maintains no federal question jurisdiction over this case because it seeks relief under New Jersey's consumer protection statutes, and that admiralty jurisdiction does not apply because the damage to Plaintiff's cargo occurred at some point during the cargo's transit over land. (ECF No. 6-3 at 6, 9). In response, Defendant argues that this Court properly maintains admiralty jurisdiction over this case because the MSC Sea Waybill is typical of the type of contract governed by federal maritime law. (ECF No. 7 at 5).

In its Complaint, Plaintiff "seeks recovery for damage and loss to a shipment of marble . . . . caused by defendants' [sic] breaches of contracts and torts." (Compl. ¶ 3). Disputes arising out of contracts[2] such as the MSC Sea Waybill are precisely the types of contracts that trigger admiralty jurisdiction. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23–24, 27 (2004) (noting that a federal court's admiralty jurisdiction extends over contracts that reference "maritime service or maritime transactions," and stating that so long as a bill of lading "requires substantial carriage of goods by sea," it is a maritime contract). That the MSC Sea Waybill also governed the transportation of the cargo over a large stretch of land, and that the injury allegedly occurred over the landed portion of the journey, do not strip the Court of its maritime jurisdiction. *Id.* at 21, 27. Because Plaintiff's additional New Jersey consumer protection claims and common law negligence claim arise out of the same common nucleus of operative fact as the breach of contract claim, the Court may exercise supplemental jurisdiction over those claims. *See Sinclair v.*

---

[2] Plaintiff's fourth cause of action is a breach of contract claim. (Compl. ¶¶ 107–15).

*Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (determining that the court possessed maritime jurisdiction and extending supplemental jurisdiction over related claims).[3]

Even if this Court did not possess admiralty jurisdiction over this case, Defendant properly removed this matter to federal court on the basis of diversity jurisdiction. As mentioned above, Plaintiff is a corporation organized under the laws of New Jersey, with its principal place of business in New Jersey. (Compl. ¶ 4). While the Third Circuit has not ruled definitively on the matter, this Court has previously held that the corporate citizenship provision of 28 U.S.C. 1332(c)(1) applies to alien corporations. *Caribbean Telecomms. Ltd. v. Guy. Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 526 (D.N.J. 2009). It is clear from the Declaration of Laurent Audaz, Defendant's "Manager of Protection and Indemnity ('P&I') Insurance, Legal, and Claims," that Defendant is a corporate citizen of Switzerland. (ECF No. 7-1 ¶ 1). Defendant is "incorporated in and under the laws of Switzerland and maintains its headquarters and principal place of business in Geneva, Switzerland." (ECF No. 7-1 ¶ 2). Furthermore, all of Defendant's executives and officers are located in the Geneva office, and the Geneva office is where the "company's operations are coordinated and controlled." (ECF No. 7-1 ¶ 2). To try to defeat diversity jurisdiction, Plaintiff mentions that Defendant's website indicates that it has an office in New Jersey; however, the website Plaintiff points the Court to belongs to MSC Industrial Direct Co., an entirely different company than Defendant. (ECF Nos. 6-3 at 9; 6-1 ¶ 8). Defendant has shown that it is incorporated in Switzerland and that its principal place of business is in Geneva, Switzerland. Meanwhile, Plaintiff is incorporated in New Jersey and has its principal place of business in New Jersey. Thus, this Court has diversity jurisdiction over this case, because the amount in controversy exceeds

---

[3] Defendant also argues that COGSA preempts state law and provides "the exclusive remedy for claims of cargo loss or damage." (ECF No. 7 at 13). Because the Court finds that it has subject matter jurisdiction over this case on other grounds, it need not reach the question of whether COGSA actually preempts Plaintiff's state law claims.

$75,000, (*see* Compl. at "Prayer for Relief"), and complete diversity exists in suits between a citizen of a state and a corporation that is a citizen of a foreign state, *see* 28 U.S.C. § 1332(a)(2); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91–92 (2002).[4]

## B. Transfer

Defendant moves to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (ECF No. 5 at 5). The MSC Sea Waybill contains a forum selection clause that provides that where the contract for the carriage of goods is either to or from the United States, "suit shall be filed exclusively in the United States District Court, for the Southern District of New York." (ECF No. 5 at 6). "[W]here contracting parties have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor [a valid] forum-selection clause '[i]n all but the most unusual cases." *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 397, 399 (3d Cir. 2017) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 66 (2013)).

Federal courts sitting in admiralty view forum selection clauses as prima facie valid and enforceable unless the resisting party shows enforcement to be unreasonable under the circumstances. *M/S Bremen and Unterweser Reederei, GmBH v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungen*, 188 F. Supp. 2d 454, 458 (D.N.J. 2001). "A forum selection clause will be invalidated only if the resisting party can show (1) the clause was invalid for such reasons as fraud or overreaching, or (2) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, or (3) that enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and that it would deprive the party of its day in court." *Id.* (citing

---

[4] Plaintiff argues that it is entitled to attorney's fees because removal was "objectively unreasonable." (ECF No. 6-3 at 10). As this Court has determined that removal was proper, Plaintiff is not entitled to attorney's fees.

*Bremen*, 407 U.S. at 10, 15, 18). Plaintiff's Cross-Motion does not address the validity of the forum selection clause and argues only that removal to this Court was improper, which this Court has addressed above. As Plaintiff raises no objections to the validity of the forum selection clause, and it is the burden of party resisting the forum selection clause to show its invalidity, *Bremen*, 407 U.S. at 15, the Court finds the forum selection clause in the MSC Sea Waybill valid.

As the Court finds the forum selection clause valid, it must now decide whether this is one of the unusual cases in which the clause should not be enforced. In making this decision, the Court "(1) must give no weight to the forum preferred by 'the party defying the forum-selection clause'; (2) must deem the private interests to 'weigh entirely in favor of the preselected forum' because the parties agreed to the preselected forum and thereby waived the right to challenge it as inconvenient; and (3) must proceed to analyze only public interests." *Howmedica*, 867 F.3d at 402 (quoting *Atl. Marine*, 571 U.S. at 63–64). Public interest factors "will rarely defeat a transfer motion." *Atl. Marine*, 571 U.S. at 64. Again, Plaintiff has raised no public interest factors that might militate against a transfer of this matter to the Southern District of New York, and as plaintiff "bears a heavy burden under *Atlantic Marine*," it has failed to carry that burden and this Court will enforce the forum selection clause. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 186–87 (3d Cir. 2017) (affirming the district court's dismissal on *forum non conveniens* grounds because the plaintiff failed to carry her burden in addressing public interest factors that would weigh against application of the forum selection clause under *Atlantic Marine*). As such, this Court will transfer this action to the United States District Court for the Southern District of New York.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Cross-Motion to Remand and grants Defendant's Motion to Transfer. An appropriate Order accompanies this Opinion.

DATED: June 21st, 2018

JOSE L. LINARES
Chief Judge, United States District Court