NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEROD'S STONE DESIGN, <br><br> Plaintiff, <br><br> v. <br><br> MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Defendant. | Civil Action No. 18-6118 (JLL) <br><br><br> **OPINION** |

**LINARES,** Chief District Judge

This matter comes before the Court by way of Plaintiff Herod's Stone Design's Motion for Reconsideration. (ECF No. 10). Defendant has filed opposition. (ECF No. 11).[1] The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Defendant's Motion.

## I.  BACKGROUND

The Court hereby incorporates the factual background as set forth in its June 20, 2018 Opinion. (ECF No. 8). Defendant now asks the Court to reconsider its decision in that Opinion, in which it granted Defendant's request to transfer the case to the United States District Court for the Southern District of New York pursuant to a forum selection clause in the operative bill of lading.

---

[1] Plaintiff has filed a reply brief, (ECF No. 12), but reply papers are not permitted on motions for reconsideration, and this Court never granted Plaintiff permission to file its reply. L. Civ. R. 7.1(d)(3). As such, the Court will not consider Plaintiff's reply brief. In the same submission; however, Plaintiff explains the delay in filing its motion, and the Court has considered that explanation as detailed below.

## II. LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

The third prong requires "dispositive factual matters or controlling decisions of law" that were "brought to the court's attention but not considered." *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A motion for reconsideration cannot be used merely to relitigate old matters or to present evidence that was already available to the Court during its initial consideration. *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Furthermore, "[t]he fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011) (citing *Ashton v. AT&T Corp.*, No. 03-3158, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006)).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v.*

*Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations and quotations omitted). A motion for reconsideration is generally futile "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier." *Id.* at 168.

### III.     ANALYSIS

While the Court initially notes that Plaintiff's motion was untimely under Local Civil Rule 7.1(i), it excuses the delay in filing such motion due to the various medical difficulties that Plaintiff's lawyer unfortunately suffered during the time in which he would have been required to write and file this motion. (ECF No. 12 at 1). Furthermore, it is well established that the "transferor court loses jurisdiction to reconsider its order for transfer once the records in the transferred action are physically transferred to and received by the transferee court." *Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1221 (D.N.J. 1993). The case was transferred to the Southern District of New York and opened there on June 26, 2018. Thus, this Court lacks jurisdiction to consider Plaintiff's motion; however, even if the Court does have jurisdiction, Plaintiff's motion fails on the merits.

Plaintiff first argues that this Court misapplied the law when it held that Plaintiff failed to carry its burden to convince the Court that it should not enforce the forum selection clause under *Atlantic Marine Construction Company v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013). (ECF No. 10-1 at 10–11). Plaintiff believes that the burden rested on Defendant, as it "is solely the burden of the party moving to transfer the case to establish that the balancing of appropriate interests at play in the case favor such transfer." (ECF No. 10-1 at 11). Plaintiff's argument is based on the straightforward application of a 28 U.S.C. Section 1404 analysis for a motion to transfer venue. However, that it is not what the Court was dealing with,

and the presence of a forum selection clause alters the Court's Section 1404 analysis, shifting the burden to the party opposing the enforcement of the clause. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995) (describing the effect of a valid forum selection clause on a court's Section 1404 analysis). Thus, the Court did not err in ascribing the burden to Plaintiff.

Plaintiff never even opposed Defendant's motion to transfer, and instead filed a cross-motion to remand. The Court considered Plaintiff's cross-motion and determined that it did not raise any public policy arguments that would require that this Court not enforce the forum selection clause. (ECF No. 8 at 7). Plaintiff now asks the Court to consider public policy arguments it has made in its Complaint. (ECF No. 10-1 at 12–13). This is not appropriate for a motion for reconsideration, as such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus.*, 935 F. Supp. at 516.

Plaintiff next argues that the Court failed to consider the New Jersey state law cases that would support the invalidation of the forum selection clause, including the New Jersey Supreme Court's decision in *Atalese v. U.S. Legal Services Group, L.P.*, 219 N.J. 430 (2014). This Court's previous Opinion directly addressed the issue of whether cases such as this are governed by state law or by admiralty law and concluded that under the Supreme Court's decision in *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14 (2004), the contract at issue was governed by admiralty law and invoked federal court jurisdiction. (ECF No. 8 at 4–5). The Court thus declines to address Plaintiff's argument that state law substantively invalidates the contract of carriage between Plaintiff and Defendant in a motion for reconsideration. In fact, the *Kirby* Court specifically stated that, "[a]pplying state law to cases like this one [*i.e.* cases involving "maritime service or maritime transactions"] would undermine the uniformity of general maritime law," and thus, it "could not

4

have been the intention to place the rules and limits of maritime law under the disposal and regulation of the" states. 543 U.S. at 24, 28.

Plaintiff then asks that this Court reconsider whether it properly possessed diversity jurisdiction in this matter. (ECF No. 10-1 at 17–19). While Defendant is correct that reference to "a" principal place of business rather than "its" principal place of business has been considered insufficient to invoke diversity of citizenship, *see, e.g., S. Freedman and Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006), the Court's decision on the existence of diversity jurisdiction was not determinative of its possession of subject matter jurisdiction over the case, as it determined that it possessed admiralty jurisdiction in the first instance. *See* 28 U.S.C. § 1333. Moreover, Plaintiff describes itself as "a corporation organized and existing by virtue of the laws of New Jersey with an office and place of business located at 1600 Tonnelle Ave, North Bergen, NJ 07047." Nor has it given any indication that it operates its principal place of outside of the United States—the only scenario that would defeat diversity here. The Third Circuit itself has determined that the district court had diversity jurisdiction with the use of "a principal place of business" rather than "its." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 410 n.1 (3d Cir. 2003) ("Morganroth & Morganroth is a Michigan partnership with its principal place of business in Michigan. Plaintiff Mayer Morganroth is a citizen of the state of Michigan and has a principal place of business in Michigan. All the defendants are from New Jersey.").

Lastly, Plaintiff argues again that this Court lacks admiralty jurisdiction. Plaintiff cites extensively to *M3 Midstream, LLC v. South Jersey Port Corp.*, 1 F. Supp. 3d 289 (D.N.J. 2014). This case does not change the Court's analysis, as it did not involve an intermodal contract of carriage. In fact, the Court in *M3* specifically distinguished the facts from those in *Kirby*, noting that "nothing in *Kirby* answers the question of whether parties may confer federal subject matter

jurisdiction on this Court by way of contract for purposes of removal and then invoke the protections of contractual liability limitations *against a third-party buyer who did not negotiate any bills of lading and did not consent to any liability limitations with respect to damage occurring after conclusion of off-loading.*" 1 F. Supp. 3d at 298 (emphasis added). The case at issue here involved an intermodal contract of carriage with parties who negotiated to and contracted under a bill of lading that governed the carriage of goods from China to New York, and thus *M3* does not compel that this Court reach a different result with respect to its application of admiralty jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion for Reconsideration. An appropriate Order accompanies this Opinion.

DATED: September 13th, 2018

JOSE L. LINARES
Chief Judge, United States District Court